Our final case for this morning is United States v. Edward Dorsey. May it please the Court and Mr. Miller. Elizabeth Pollack on behalf of Mr. Dorsey from the Federal Defender's Office for the Central District of Illinois. We are here on what I think is kind of a rare appellate issue, not one we see very often. Particularly when we're talking about a potential bias or a conflict of interest on behalf of a district judge. It is generally one that appears under Section 455A, the appearance of impropriety. We very rarely see 455B, so when researching for this case, there's not a lot of previous case law out there. But that being said, I think that it is pretty clear from the record in this case that Judge Bruce, when considering the resentencing of Mr. Dorsey after the Thompson remand, should not have considered the revocation sentence and the outcome of that case in inflating his sentence by 51 months. So here's what I don't understand about this position. The first case that I'll call, that was undertaken when Judge Bruce was still in the Attorney's Office, goes to Judge Shad. Correct. It seems to me the most routine of things that somebody like Judge Bruce or many, many other people who sit in a federal district court who came from the U.S. Attorney's Office will be reviewing, let's say, criminal histories. And some of the offenses will have been committed during the time when they were in the U.S. Attorney's Office. But it's just a data point at that stage. No one would say that someone who was formerly in the U.S. Attorney's Office has to recuse from every case where the criminal history includes something that happened while they were still actively prosecuting. And I'm not sure why this is so different. The revocation goes to Chief Judge Shad. He revokes. He makes a sentencing decision. It turns out to be different than the one that Judge Bruce thought was going to happen. So when the case comes back to Judge Bruce, he responds accordingly. But I don't see why that's wrong. And taking it one step further, I wonder whether your theory means that judges should recuse from all cases involving the University of Chicago and not incite them in our opinions. I don't know. If it's not your case, it's not your case. Well, I'm not sure what exactly the question is, but I can respond. Well, I was just saying, what's the principle? If you don't think that Judge Bruce has to recuse from all cases where even the criminal history has a case listed that was done while he was in the U.S. Attorney's Office, if you don't think it's impermissible for Judge Easterbrook to incite the University of Chicago opinions by our colleagues, then I don't see where the line is. Well, I think the line here is that there was a decision made to recuse Judge Bruce from the revocation case because of his involvement. Right. And he was. Let me ask you a very interesting question. Judge Bruce prostitutes Dorsey. Well, assisting U.S. Attorney groups prostitutes Dorsey. Correct. Dorsey gets a 20-year sentence. He's in prison, right? And then Judge Bruce is on the bench, and a new U.S. Attorney brings another prostitute against Judge Dorsey. Too many. Against Dorsey, right? And it's assigned to Judge Bruce. Does he recuse? No, and there's a difference.  At the end of that case, the judge is going to have to decide whether the sentence is concurrent or consecutive, or perhaps how long it is. And in doing that, unless he's an airbag, he will take into account how long a sentence Dorsey is currently serving. If he can do that, and you just told me he's not recused, why is this any different? It's different because when you're talking about a 455A recusal, that is based on the judge's own personal bias in the case. There has to be evidence presented that there is bias there, and that he is removed on that basis. Now, the 455B recusal was an automatic recusal. It is established that— I'm not aware of that. I just don't see any difference. In the hypothetical I brought up and the hypothetical Judge Lewin brought up about criminal history, there is Prosecution A, in which the district judge is recused, and then Prosecution B, which is wholly independent of anything the judge did when he was in the U.S. Attorney's Office. Correct. But the length of the term on Prosecution A may or may not influence the judge's decision on Prosecution B. It seems to me either the judge is recused in all of these situations or in none. That's my concern, too. I mean, I would imagine a rule that it was recusal in all of them. That would be a huge change. Well, I think that the difference is—and the way that we see it is that— so the initial prosecution, the 2014 new criminal case was brought, and the sentence was obtained prior to any ruling in the revocation case. And it is undisputed that Judge Bruce should not have anything to do with the revocation case because he was in the U.S. Attorney's Office at the time. Correct. They went to Judge Chad. Correct. So Judge Bruce renders his decision, and the decision is based very well reasoned upon the 3553A factors. It's a 276-month within-guideline sentence. He says, I am uncomfortable going to the top of the guidelines range. It would be inappropriate. I could not in good conscience do it. And he told, by the way, in that hearing, that the 51-month probation revocation is going to be consecutive. No, he has told it that under the guidelines it could be consecutive and that I was certain that Mr. Miller was going to ask for it to be consecutive, but there was no agreement that it was going to be consecutive. It was merely posited as a possibility. And that being said, the revocation possibility of concurrent versus consecutive sentencing was not mentioned in any written pleading. It was not mentioned in the sentencing memorandum, and it was not the thrust of the argument. The thrust of the argument was that the court should depart from the sentencing guidelines range for career offenders under U.S. versus coroner based on 3553A factors. And that was rejected, and Judge Bruce made no ruling whatsoever based upon the revocation sentence at that time. So at that point, the case is over. And then Judge Shadid is tasked with considering the separate issue of the revocation. So once that is done, it's clear that Judge Bruce can have no consideration in the revocation case because he has this conflict of interest, which is per se established by 455B3. So he cannot consider that case. But he can't rule in that case. Correct. You should use the word consider, though. I meant could not consider this. My question is that he can consider the fact that he's currently serving 20 years. Well, I guess I'm a little confused by your question then because— My question is as straightforward as you can possibly make it. Case number one in which the district judge is involved in a prosecution. The defendant is convicted and sentenced to prison for a term of 20 years. So your question is can he consider the previous sentence? Just listen to the question. This is not the price is right. Case number two in which the judge is not involved in the prosecution. Brought against the same defendant. The judge now, after the conviction, must impose a sentence. And he will take into account the length of the sentence in case number one because he's not an airbag. He's actually required by the guidelines to consider this. He has to consider whether the sentence in case number two be concurrent or consecutive. And you answered my question by saying, well, he's not recused in case number two. I can't for the life of me see how that situation is any different from this one. Well, I think in your hypothetical, you're talking about that case number one where he is not recused and case number— It's the timing of when the sentencing has occurred because in that case, you have to consider criminal history. It's a factor under 3553. It's in the pre-sentence report. You have to consider that. And so if you're talking about the previous case that he was— Your argument implies that since he has to consider the length of the sentence in a case in which he was recused, therefore he is recused in the next case. And that will lead to Chief Judge Wood's question. If he's considering the criminal history and figuring out whether the defendant has been adequately deterred, he will take that into account. Well, sure, but that— And therefore he is recused for the foreseeable future in all prosecutions of somebody who he wants prosecuted. No, I disagree. Of course, that would be absurd, but we can't figure out why that's any different from this situation. Because this is a very particular, specific case where— So the sentence was over. He was allowed to consider Dorsey's criminal history when rendering his decision. He did so. He said, you know, for the protection of the public, this is a career— Not just his criminal history, but the length of his sentence. The length of the previous sentence, the one that he received when Judge Bruce was prosecuting previously. So that I understand. But what I'm saying here is that he rendered his decision. It was done. He did a full analysis. No, I'm sorry. It wasn't done. You appealed, or rather your client appealed, and asked for a full resentencing. Yes. And got it. And now don't like the fact that you got it. It was perhaps a very foolish appeal, but it was taken. And you got a full resentencing. You just didn't like the result of a full resentence. But— He was either recused from the beginning or not. He wasn't allowed to sit originally, but he got recused over there. But that situation changed when Judge Shadid rendered his decision. Whatever Judge Bruce thought at the time that the original judgment was rendered, he made a very excellent case under Section 3553A for why the 276-month sentence was perfectly appropriate. And nothing changed between that sentencing date and the resentencing date. It was the exact— It was the exact— Am I out of my time? I apologize. You can wrap up. Thank you. I asked for the remand. Thanks. All right. Mr. Miller. May it please the Court, Eugene Miller for the United States. I believe it's clear from the Court's question, the Court understands this case. This is a case where there's no question or allegation that Judge Bruce was recused under 455— 455A for impartiality and no question that in this case that he should be recused under 455B-3 because he did not participate in this case. And just to make the record clear, he didn't prosecute Dorsey. He participated as a judge in this case. Yes. He was a supervising U.S. attorney and supervisors. Absolutely. That's Smith. Well, that's not Smith, but that's absolutely correct. But as this Court pointed out, in the first sentencing in this case, where he's the judge, there's no claim from the defense or from anyone that he should be recused. He doesn't care whether there's a claim. All he has to recuse is who was suspended. He's in or out. And maybe the defense should have asked him to be recused right from the outset. Really, the defense has no right to do that. It's not asking for recusal early and getting a remand. And we did decide in our brief we think there is a time limit issue. We understand that. But that's not the crux of the case. The crux of the case here is that the defense, the first time around, in fact, acknowledging that Judge Bruce needed to consider the sentence that was going to be imposed in the supervised release proceeding, which the statutes, which they haven't cited in the reply brief, which we cite, require. Section 3584, a court must consider whether a sentence is going to be consecutive or concurrent to undischarged terms of imprisonment. There's no limitation on the information a court can consider under Section 3661. The Guidelines 5G1.3 require the court to consider it. So if the court can't consider it, the court can't act. The court would have to recuse itself. The one thing I will say about this case is it certainly looks, putting all of these labels and statutory sections and everything to one side, that he thought that Judge Shen came to the wrong result on an extra 51 months, because he didn't get an extra 51 months. So Judge Bruce says to himself, well, I can take care of that. I'm just going to add 51 months off to this sentence now that I have complete resentencing. There's something troubling about that. Well, I think Judge Bruce, Judge Bruce made it very clear on the record what he intended to do. That's a fact. He doesn't say it when he first comes up with the 276-month sentence. He doesn't put it on the record. The reason I'm doing this is I am buying 100% on the likelihood that Chief Judge Shadman is going to impose a consecutive 51 months for the revocation. He doesn't say that. He says afterward, a year later, oh, that's what I've been thinking. And there's some evidence to support that. The defense didn't say he may get a consecutive sentence. The defense said he shall get a consecutive sentence under the guidelines. We know the government will argue it. At the very conclusion, if you look at the very first sentencing transcript, at the very conclusion of the defense counsel's remarks,  brief pause in the proceedings. And then Judge Bruce says, I paid attention to Ms. Pollack's remarks, and you have me doing some math. So that's in the record. And then there's another brief pause in the proceedings. He then later states in those same proceedings, Ms. Pollack's got me thinking about when this defendant is going to get out of jail. He then later says at the second hearing, and we can say it's after the fact, but unless we're not going to credit Judge Bruce's brassy on the comments, he says what I was doing during that first sentencing was I thought a 327-month sentence was appropriate. I subtracted. What should a judge do to avoid this kind of problem? That is, could Judge Bruce initially have said, I'm giving him this longer sentence, and it will be consecutive to what Judge Shadid did, sorry, concurrent to what Judge Shadid does, no matter what Judge Shadid says? That's an interesting question, Your Honor. Brief that question. There's a big coordination problem with these kinds of cases, and normally coordination problems are handled by assigning both criminal prosecutions to a single judge, and then the sentences can be corroborated. If for some reason you can't do that, I'm just wondering systemically how should a district court handle this where you can't assign to a single judge? And this is a problem that arises in lots of contexts beyond this, because we have state and federal prosecutions with systemic questions. Yes, we have district courts and different, and often from U.S. Attorney's Office's perspective, the question is typically that the judge, whoever is sentencing first, really is not in a position to completely control what's going to happen in a later sentencing. This would be a unique situation. You can't play out a Halston-Gaston with each judge saying, I'm going to sentence second. That doesn't work. We agree, Your Honor. So what's the answer? That was my question. What's the answer? Well, I believe we give to each judge under the statute we've talked about, they have the discretion to consider whether what a likely sentence would be in another case. It's not perfect. Obviously, it turned out different in this case. But at the time the judge is imposing sentence, the factors change. And that's one thing we wanted to point out. The defense counsel said nothing changed. Yes. If Judge Bruce says in the initial sentencing, I'm getting 300 and some odd months. But my sentence will run concurrently to Judge Shaddix. Even if Judge Shaddix says that his sentence is running consecutively to mine. Right? Will that work? What happens if the judges say that? As an AUSA, I hate to get between two judges who would have to... Look, if you get that, somebody at the Bureau of Prisons is going to decide whether to credit the time imposed by Judge Shaddix against Judge Bruce's sentence. And I should think the Department of Justice would be well-equipped to answer that question. You must have a protocol for doing that. That would be the only time this kind of thing happens. I am not aware of conflicting sentences. And so I'm not aware of the policy. Where one judge orders a sentence concurrent and another judge orders a consecutive. The Bureau of Prisons does not have a policy. Because under the statute, the head of the Bureau of Prisons determines the sentence credit. Well, of course, in the meantime, it may mean that through all of these appeals that we're seeing about supervised release, the defendant might want to actually stipulate that he waives the appeal if it's not a limited remand look-only in supervised release. I think that's really the thing that's done up Mr. Dorsey more than anything. True, but... In the Senate Commons, of course, one of the things that can happen on a remand is the sentence can go off. Absolutely. And in this case, where we do believe that something did change between the two sentences for Judge Bruce, he made it very clear on the record. He intended to impose a sentence of 327. He took into account the defense counsel's argument and imposed a lesser sentence when the sentence came back. He now had more knowledge. He knew that the sentence was not consecutive, that it was concurrent. And therefore, he took that into account in resentencing. Certainly no recusal issue here at all. I understand the defense... You're not interested in sticking your finger in a sentencing judge's eye. Absolutely not, Your Honor. We think that the record he made at the resentencing was clear  for imposing the sentence. He must be able to consider other sentencing posed under the statute to appropriately sentence a defendant. And that's what Judge Dorsey did. What Judge Bruce did in this case, we believe he acted appropriately. In fact, he acted as defense counsel at the first sentencing and asked him to act. At the first sentencing, defense counsel said, let me know. Defense counsel brought up, the defendant brought up the sentencing before Judge Shadid. Asked Judge Bruce to consider it. Now on appeal, after the second sentencing, he's suggesting Judge Bruce committed some error by considering the sentence that the defense had asked the judge to consider on the very first sentencing. And that was our judicial estoppel argument as well. But we don't believe there was any error here. We asked the court to affirm the judgment and sentence of the district court. Thank you very much. I hope your time has inspired everyone to give us one concluding thought on what you said. My one concluding thought is that the reason why Judge Bruce was able to consider the revocation or any other sentence at the initial sentencing hearing and why I believe it was improper at the resentencing hearing is because functionally what Judge Bruce did was act as a court of review for Judge Shadid. In a case that Judge Shadid was solely responsible for, that Judge Bruce could not have sentenced Mr. Dorsey in. And just as Mr. Dorsey may regret his decision to go for a full resentencing, apparently Judge Bruce also regretted his decision to sentence him that way.   if Judge Shadid had been most sentenced first and said 51 months concurrent to anything that Judge Shadid had said, then Judge Shadid would have been and Judge Bruce would have been most. And Judge Bruce had then said 327 months because that's the optimal total amount of incarceration. I think if that had been on the record there would not be a problem with that. But the way that it was conducted It's the very same case so far as recusal is concerned. But I don't believe that it is. And I think we may just have to agree to disagree about that. Thank you very much Mr. Collins thank you as well Mr. Miller to take a case and five minutes to close the hearing. Thank you.